1  ALLAN STEYER (Cal. Bar No. 100318)
   D. SCOTT MACRAE (Cal. Bar No. 104663)
2  JILL M. MANNING (Cal. Bar No. 178849)
   STEYER LOWENTHAL BOODROOKAS
3    ALVAREZ & SMITH LLP
   One California Street, Third Floor
4  San Francisco, California 94111
   Telephone: (415) 421-3400
5  Facsimile: (415) 421-2234
   e-mail: asteyer@steyerlaw.com
6  e-mail: smacrae@steyerlaw.com
   e-mail: jmanning@steyerlaw.com
7
   Counsel for Plaintiff Kaz Fujita
8

9

10               **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12                  **SAN FRANCISCO DIVISION**

13

14  KAZ FUJITA, on behalf of himself and all others )    Case No.
    similarly situated,                             )
15                                                  )
                Plaintiff,                          )
16                                                  )
    KOREAN AIR LINES CO., LTD., and ASIANA          )    **CLASS ACTION COMPLAINT**
17  AIRLINES, INC., corporations of the Republic    )
    of Korea,                                       )    **JURY TRIAL DEMANDED**
18                                                  )
                Defendants.                         )
19  _____ )

20

21

22         Plaintiff, by and through his undersigned attorneys, brings this civil action on behalf of

23  himself and all others similarly situated for compensatory, statutory and exemplary damages and

24  injunctive relief pursuant to Section 1 of the Sherman Antitrust Act of 1890 ("Sherman Act"),

25  15 U.S.C. §1, and Sections 4 and 16 of the Clayton Antitrust Act of 1914 ("Clayton Act"),

26  15 U.S.C. §§15, 26, against the above-named defendants.  Plaintiff, upon personal knowledge

27  as to his own acts and status, and upon information and belief as to all other matters, alleges the

28  following:

                                           1

## I. NATURE OF THE ACTION

1.    This case arises out of a long-running international conspiracy beginning no later than January 1, 2000, and continuing until at least July 16, 2006 ("Class Period"), among Defendants and their co-conspirators with the purpose and effect of eliminating and suppressing competition by fixing wholesale and passenger fares charged for air travel between the United States and Korea.

2.    Defendants and their co-conspirators acted in concert and conspired to artificially inflate the prices of passenger air transportation fares by fixing the prices of the base rates thereof, as well as the fuel surcharges.

3.    San Francisco International Airport ("SFO") is a major hub of international air transportation. The Defendants operate multiple direct international flights between Korean airports and SFO. In addition to being one of the largest international airports in the United States, SFO is a significant hub for Defendants.

4.    The Defendants, together with their co-conspirators, participated in a conspiracy to fix or maintain certain charges built into the price of international passenger air transportation fares. Because of this unlawful conduct and conspiracy, Plaintiffs and members of the Class paid artificially inflated prices for such fares. Plaintiffs and members of the Class purchased those services and have been damaged thereby.

## II. JURISDICTION AND VENUE

5.    This Complaint is filed under Section 16 of the Clayton Act, 15 U.S.C. §§15 and 26, seeking injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. §1. The Court has jurisdiction over the federal claim under 28 U.S.C. §§ 1331 and 1337.

6.    Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391 because Defendants reside, transact business, or are found within this District.

7.    The activities of the Defendants and their co-conspirators, as described herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

8.    The Court has personal jurisdiction over Defendants and their co-conspirators

2

1  because, *inter alia*, each: (a) transacted business in this District; (b) directly or indirectly sold

2  and delivered air transportation in this District; © had substantial aggregate contacts with this

3  District; and (d) engaged in an illegal price-fixing conspiracy that was directed at, and had the

4  intended effect of causing injury to, persons and entities residing in, located in or doing business

5  in this District.

6                                      **III.  THE PARTIES**

7  **Plaintiff**

8       9.       Plaintiff Kaz Fujita, is a resident of Los Angeles, California, and purchased air

9  transportation from Korean Air Lines, Co., Ltd. during the Class Period..

10  **Defendants**

11      10.      Defendant Korean Air Lines Co., Ltd. ("Korean Air") ranks in the top twenty

12  of world airlines in terms of passengers carried and is the largest airline based in South Korea.

13  Korean Air was founded in 1962 as an intergovernmental enterprise and was privatized in

14  March, 1969.  In 1972, Korean Air commenced transpacific passenger service to the United

15  States.  Korean Air operates international passenger and cargo services to 130 cities in 45

16  countries, including the United States.  Korean Air's main global world headquarters are located

17  in Seoul, Korea, and its American headquarters are based in Los Angeles, California.

18      11.      Defendant Asiana Airlines, Inc. ("Asiana") was established in 1988 and is

19  Korea's second largest airline, behind Korean Air.  In 1991, Asiana commenced passenger

20  service to the United States.  Asiana's global headquarters are located in Seoul, Korea.  Asiana

21  operates international passenger services to 63 cities in 17 countries.

22  **Co-Conspirators**

23      12.      Various others, presently unknown to Plaintiff, participated as co-conspirators

24  with the Defendants in the violations of law alleged in this Complaint and have engaged in

25  conduct and made statements in furtherance thereof.

26      13.      The acts charged in this Complaint have been done by Defendants and their co-

27  conspirators, or were authorized, ordered or done by their respective officers, agents, employees

28  or representatives while actively engaged in the management of each Defendant's business or affairs.

                                          3

1      14.    Each of the Defendants named herein acted as the agent or joint venturer of or for

2 the other Defendants with respect to the acts, violations and common course of conduct alleged

3 herein.

## IV. CLASS ACTION ALLEGATIONS

5      15.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal

6 Rules of Civil Procedure on behalf of himself and a Plaintiff Class ("the Class") composed of

7 and defined as follows:

> All persons and entities residing in the United States who or that,
> between January 1, 2000 and July 16, 2006, purchased passenger
> air transportation from Defendants or any predecessor, subsidiary
> or affiliate thereof for travel between the United States and Korea.

11    16.    Specifically excluded from this Class are Federal Judges and Magistrates and

12 their immediate families; Defendants and any parent, subsidiary or affiliate thereof and any entity

13 of which Defendants have a controlling interest; and Defendants' officers, directors, employees

14 and immediate families.

15    17.    Plaintiff does not presently possess information identifying the exact size of the

16 Class. Based upon the nature of the commerce involved, Plaintiff believes the total number of

17 class members is sufficiently numerous such that joinder of all Class members would be

18 impracticable.

19    18.    There are questions of law and fact which are common to the claims of Plaintiff

20 and the Class, which predominate over questions affecting only individual Class members.

21 Among the questions of law or fact common to the class are:

      a.    Whether Defendants combined, agreed, and/or conspired with their co-conspirators to fix, raise, maintain, and/or stabilize the prices for passenger fares charged for flights between the United States and Korea;

      b.    Whether the purpose and/or effect of the acts and omissions alleged herein was to restrain trade, or to affect, fix, control, and/or maintain the prices for passenger fares charged for flights between the United States and Korea;

4

CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND
S:\Korea Airlines\Pleadings\Complaint.wpd

1            c.     The existence and duration of the horizontal agreements alleged herein

2                  to fix, raise, maintain, and/or stabilize the prices for passenger fares

3                  charged for flights between the United States and Korea;

4            d.     Whether Defendants were members of, or participated in, the contract,

5                  combination, and/or conspiracy alleged herein;

6            e.     Whether Defendants took steps to conceal the conspiracy from Plaintiff

7                  and the members of the Class;

8            f.     Whether Defendants' agents, officers, employees, or representatives

9                  participated in correspondence and meetings in furtherance of the illegal

10               conspiracy alleged herein, and, if so, whether such agents, officers,

11               employees, or representatives were acting within the scope of their

12               authority and in furtherance of Defendants' business interests;

13            g.     Whether, and to what extent, the conduct of Defendants caused injury

14               to Plaintiff and members of the Class and, if so, the appropriate measure

15               of damages; and

16            h.     Whether Plaintiff and members of the Class are entitled to injunctive

17               relief.

18      19.     Plaintiff's claims are typical of the claims of the members of the Class. The

19 questions of law and fact which are common to the claims of the Plaintiff and the Class

20 predominate over questions, if any, that may affect only individual members of the Class

21 because, among other reasons, Defendants have acted on grounds generally applicable to the

22 entire Class.

23      20.     Plaintiff will fairly and adequately assert and protect the interests of the members

24 of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the

25 other members of the Class.

26      21.     Plaintiff has retained counsel competent and experienced in the prosecution of

27 complex class actions, and in particular, counsel has broad experience in complex antitrust

28 litigation similar in size, scope, and complexity to the present case.

5

1    22.    A class action is superior to the alternatives, if any, for the fair and efficient
2    adjudication of this controversy. This class action would preclude the potential for inconsistent
3    or contradictory individual judgments that would dispose of or impair the interests of other
4    prospective Class members not parties to individual litigation. Individualized litigation increases
5    the delay and expense to all parties and the judicial system due to the complex legal and factual
6    issues presented by this case. By contrast, the class action device presents far fewer management
7    difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive
8    supervision by a single court. This class action would establish compatible and consistent
9    standards of conduct for Defendants.

10    23.    Defendants have acted or refused to act on grounds generally applicable to the
11    Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with
12    respect to the Class as a whole.

13    ## V. FACTUAL BACKGROUND

14    24.    During the Class Period, there was a continuous and uninterrupted flow of
15    passenger air transportation in interstate and international commerce throughout the United
16    States and internationally.

17    25.    Korean Air is the largest passenger carrier from the United States to Korea, and
18    averages more than $250 million per year on those flights. Korean Air does business in
19    California, including the sale of international passenger air transportation.

20    26.    Asiana is the second largest passenger carrier from the United States to Korea,
21    and is Korean Air's main rival on these routes. Asiana does business in California, including the
22    sale of international passenger air transportation.

23    27.    Defendants' unlawful activities, as described herein, have directly and
24    substantially affected interstate commerce in that Defendants and their co-conspirators have
25    deprived Plaintiff and the Class of free and open competition in the business of passenger air
26    transportation.

27    28.    By reason of the violations of the Sherman Act as alleged herein, Plaintiff and the
28    other members of the Class paid more for passenger air transportation for flights between the

6

1   United States and Korea than they would have paid in the absence of the illegal combination

2   and conspiracy and, as a result, they have been injured and have suffered damages.

3       29.     During the Class Period, Defendants and their co-conspirators provided

4   international air transportation services for passengers. Defendants' passenger services

5   transported people on flights within Korea and internationally, including flights to and from the

6   United States.

7       30.     During the Class Period, Defendants sold or caused to be sold tickets for

8   passenger air transportation on flights between the United States and Korea. Defendants'

9   published fares included a base fare and, at times during the Class Period, a fuel surcharge.

10      31.     Beginning no later than January 1, 2000, and continuing through at least July 16,

11  2006, Defendants and their co-conspirators entered into and engaged in a combination and

12  conspiracy to suppress and eliminate competition by fixing the price for passenger air fares

13  charged for flights between the United States and Korea.

14      32.     As part of their conspiracy, and in furtherance thereof, the acts Defendants and

15  their co-conspirators engaged in included, *inter alia*, the following:

16              a.      Participating in meetings, conversations and communications in the

17                      United States and elsewhere to discuss one or both components of the

18                      passenger air fares (the base fare and the fuel surcharge) to be charged

19                      for flights between the United States and Korea;

20              b.      Agreeing during such meetings, conversations and communications,

21                      on one or both components of the passenger air fares (i.e., the base fare

22                      and the fuel surcharge) to charge on flights between the United States

23                      and Korea; and

24              c.      Levying passenger air fares on flights between the United States and

25                      Korea in accordance with the agreements reached.

26      33.     As a result of Defendants' unlawful conduct and conspiracy, Plaintiff and the

27  members of the Class paid artificially high prices for passenger air transportation and fuel

28  surcharges, and have been damaged thereby.

7

34.    The United States Department of Justice's investigation into Korean Air's criminal conduct resulted in charges being filed in the United States District Court for the District of Columbia on August 1, 2007.

35.    On August 1, 2007, Defendant Korean Air agreed to plead guilty to violating Section 1 of the Sherman Act, 15 U.S.C. §1 by participating in the price-fixing conspiracy alleged herein, and has agreed to pay a $300 million criminal fine.

36.    Korean Air admitted its wrongdoing.  Korean Air attorney Ahn Yong-Seok, in confirming the plea agreement, announced that Korean Air "apologises to shareholders and customers for causing trouble."  Ahn stated that Korean Air's compliance officer would attempt to ensure future compliance with United States and global fair trade rules.

37.    Under the terms of the plea agreement, Korean Air as agreed to cooperate with the DOJ's ongoing investigation.

## VI.  FRAUDULENT CONCEALMENT

38.    Throughout the conspiracy, Defendants and their co-conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff and the members of the Class.

39.    Defendants and their co-conspirators conducted their conspiracy in secret, concealed the true nature of their unlawful conduct and acts in furtherance thereof, and actively concealed their activities through various other means and methods to avoid detection.  Plaintiff and members of the Class did not discover, and could not have discovered through the exercise of reasonable diligence, that Defendants and their co-conspirators were violating the antitrust laws as alleged herein until shortly before this class action litigation was commenced.

40.    Only on or about August 1, 2007, when the DOJ announced Korean Air's guilty pleas and criminal fines with regard to the price fixing passenger air transportation fares was the existence of the conspiracy disclosed to the public.  Plaintiff and the members of the Class could not have discovered the unlawful conduct at an earlier date thorough the exercise of reasonable diligence because of Defendants' active and purposeful concealment of their unlawful activities.

41.    Defendants and their co-conspirators engaged in a successful, illegal price-fixing conspiracy with respect to passenger air transportation fares, as well as fuel surcharges, which

8

1    they affirmatively concealed in at least the following respects:

2        a.    By agreeing among themselves not to discuss publicly or otherwise reveal,

3              the nature and substance of the acts and communications in furtherance of

4              their illegal scheme;

5        b.    By engaging in secret meetings, telephone calls and other communications

6              in order to further their illicit conduct; and/or

7        c.    By giving false and pretextual reasons for their pricing of passenger air

8              transportation fares, and for the increases in those prices during the

9              relevant period, and by describing such pricing and increases falsely as

10             being the result of external costs rather than collusion.

11       42.   As a result of the active concealment of the conspiracy by Defendants and their

12   co-conspirators, any and all applicable statutes of limitations otherwise applicable to the

13   allegations herein have been tolled.

14                                    **COUNT I**

15                        **(Violation of Section 1 of the Sherman Act)**

16       43.   Plaintiff incorporates and realleges, as though fully set forth herein, each and

17   every allegation set forth in the preceding paragraphs of this Complaint.

18       44.   Beginning at a time presently unknown to Plaintiff, but at least as early as January

19   1, 2000, and continuing until at least July 16, 2006, Defendants and their co-conspirators entered

20   into a continuing agreement, understanding, and conspiracy in restraint of trade of commerce by

21   affecting, fixing, controlling and/or maintaining, at artificial and non-competitive levels, the

22   prices of air passenger fares for flights between the United States and Korea in violation of

23   Section 1 of the Sherman Act, 15 U.S.C. § 1.

24       45.   The acts committed by Defendants and their co-conspirators as alleged herein

25   unlawfully restrained interstate and foreign commerce and were against public policy and

26   included the following:

27       a.    Agreeing to charge prices for fuel surcharges at certain levels and

28             otherwise to fix, raise, maintain and/or stabilize the prices of passenger

                                          9

1                air transportation fares; and

2                b.    By charging fuel surcharges at agreed upon levels, thereby fixing

3                     passenger air transportation fares at the agreed upon rates.

4     46.    The combination and conspiracy alleged herein has had the following effects,

5 among others:

6                a.    Price competition in the sale of passenger fares for flights between

7                     the United States and Korea has been restrained, suppressed, and/or

8                     eliminated;

9                b.    Prices for passenger fares between the United States and Korea sold

10                     by Defendants have been fixed, raised, maintained and stabilized at

11                     artificially high, non-competitive levels; and

12                c.    Those who purchased passenger air fares for flights between the United

13                     States and Korea on the Defendants' airlines have been deprived of the

14                     benefits of free and open competition.

15     47.    Defendants' anticompetitive activities and their effects are in violation of the

16 Sherman Act.

17     48.    During the Class Period, Defendants sold passenger air transportation fares in a

18 continuous and uninterrupted flow of interstate and foreign commerce. Defendants received

19 payment for such products across state and national boundaries. Defendants' activities, and the

20 sale of their services, have had a substantial anticompetitive effect upon interstate commerce

21 within the United States and foreign commerce.

22     49.    Plaintiff and the members of the Class have been injured by reason of the

23 unlawful acts of Defendants and their co-conspirators as alleged herein and are entitled to relief.

24                          **PRAYER FOR RELIEF**

25     WHEREFORE, Plaintiff prays:

26     A.    That the Court determine that this action may be maintained as a class action

27 pursuant to Rule 23 of the Federal Rules of Civil Procedure and direct that reasonable notice of this

28 action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to the Class;

10

1    B.    That the unlawful conduct, contract, conspiracy or combination alleged herein be

2    adjudged and decreed to be a violation of Section 1 of the Sherman Act, 15 U.S.C. §1;

3    C.    That Plaintiff and the Class be awarded damages;

4    D.    That the Plaintiff and the Class be awarded double or treble damages;

5    E.    That the Plaintiff and the Class recover interest on the damages award;

6    F.    That Plaintiff and the Class be awarded reasonable attorneys' fees and costs

7        of suit;

8    G.    That Defendants be enjoined from continuing the unlawful combination and

9        conspiracy alleged herein; and

10    H.    That Plaintiff and the Class be granted such other, further and different relief as

11        the nature of the case may require or as may be deemed just and proper by this

12        Court.

13

14                                **JURY DEMAND**

15    Plaintiff hereby demands a trial by jury on all issues triable by jury.

16

17    Dated: August 29, 2007

18                                Respectfully submitted,

19
                                By:    /s/  Allan STEYER
20
                                ALLAN STEYER
21                                D. SCOTT MACRAE
                                JILL M. MANNING
22                                STEYER LOWENTHAL BOODROOKAS
                                    ALVAREZ & SMITH LLP
23                                One California Street, Third Floor
                                San Francisco, California 94111
24                                Telephone: (415) 421-3400
                                Facsimile: (415) 421-2234
25
                                Counsel for Plaintiff
26

27

28

                                11

CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND
S:\Korea Airlines\Pleadings\Complaint.wpd