

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


HYUN PARK, ET AL.,            ) CASE NO: CV 07-05107 SJO (MANx)
                             )
          Plaintiffs,        )         CIVIL
                             )
     vs.                     )   Los Angeles, California
                             )
KOREAN AIR LINES CO., LTD.,  )   Tuesday, November 13, 2007
                             )   ( 9:01 a.m. to  9:32 a.m.)
          Defendant.         )   (10:07 a.m. to 10:22 a.m.)

SEE PAGES 2 AND 3 FOR RELATED CASES


STATUS CONFERENCE




BEFORE THE HONORABLE S. JAMES OTERO,
UNITED STATES DISTRICT JUDGE




EXCEPTIONAL REPORTING SERVICES, INC
14493 S PADRE ISLAND DRIVE
#A-400
CORPUS CHRISTI, TX 78418-5940
361 949-2988

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| HYUN PARK, ET AL., | ) | CASE NO: CV 07-05107 SJO (MANx) |
| | ) | |
| Plaintiffs, | ) | CIVIL |
| | ) | |
| vs. | ) | Los Angeles, California |
| | ) | |
| KOREAN AIR LINES CO., LTD., | ) | Tuesday, November 13, 2007 |
| | ) | ( 9:01 a.m. to  9:32 a.m.) |
| Defendant. | ) | (10:07 a.m. to 10:22 a.m.) |

SEE PAGES 2 AND 3 FOR RELATED CASES


STATUS CONFERENCE

BEFORE THE HONORABLE S. JAMES OTERO,
UNITED STATES DISTRICT JUDGE


Appearances:              See page 4

Court Recorder:           Margarita Lopez

Courtroom Deputy:         Victor Cruz

Transcribed by:           Exceptional Reporting Services, Inc.
                          14493 S. Padre Island Drive
                          Suite A-400
                          Corpus Christi, TX 78418


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

EXCEPTIONAL REPORTING SERVICES, INC

RELATED CASES:

07-05453 SJO (MANx):

      DESA PHILADELPHIA, ON BEHALF OF HERSELF AND ALL
      OTHERS SIMILARLY SITUATED VS. KOREAN AIR LINES CO.,
      LTD.

07-05561 SJO (MANx):

      CLIFF PARK VS. KOREAN AIR LINES CO., LTD., ET AL.

07-05583 SJO (MANx):

      HEUNG-KI YOUN VS. KOREAN AIR LINES CO., LTD.

07-05593 SJO (MANx):

      LAURA ALBEE VS. KOREAN AIR LINES CO., LTD.

07-05734 SJO (MANx):

      CHRISTINA PARK VS. KOREAN AIR LINES CO., LTD.

07-05735 SJO (MANx):

      JIMMY CHAU VS. KOREAN AIR LINES CO., LTD., ET AL.

07-05853 SJO (MANx):

      SOON LEE VS. KOREAN AIR LINES CO., LTD., ET AL.

07-05854 SJO (MANx):

      HELEN CHONG VS. KOREAN AIR LINES CO., LTD.

07-05865 SJO (MANx):

      PHILLIP REINECK VS. KOREAN AIR LINES CO., LTD.

07-06203 SJO (MANx):

      DEA HYUNG LEE VS. KOREAN AIR LINES CO., LTD.

07-06340 SJO (MANx):

      TIMOTHY S. MURPHY VS. KOREAN AIR LINES CO., LTD.

3

<u>RELATED CASES</u>  (Cont'd)


07-06386 SJO (MANx):

        CYNTHIA YOO VS. KOREAN AIR LINES CO., LTD.

07-06509 SJO (MANx):

        SUN IM CHOI VS. KOREAN AIR LINES CO., LTD.

07-06542 SJO (MANx):

        SOON JA CHUN AND BERNARD JUNG KIM VS. KOREAN AIR
        LINES, LTD.

07-06715 SJO (MANx):

        LEON SONG VS. KOREAN AIR LINES, LTD., ASIANA
        AIRLINES, INC.

07-06894 SJO (MANx):

        JASON LEE AND JAMES LEE VS. KOREAN AIR LINES CO.,
        LTD. AND CORPORATE JOHN DOES

07-07047 SJO (MANx):

        DAVID WORTMAN VS. KOREAN AIR LINES, LTD., DOES 1
        THROUGH 10 INCLUSIVE

4

<u>APPEARANCES FOR:</u>

Hyun Park, et al.:          ANDY SOHRN, ESQ
                           Glancy Binkow & Goldberg, LLP
                           1801 Avenue of the Stars, Suite 311
                           Los Angeles, CA 90067

                           SUSAN G. KUPFER, ESQ
                           Glancy Binkow & Goldberg, LLP
                           One Embercadero Center, Suite 760
                           San Francisco, CA 94111

Desa Philadelphia,         JASON S. HARTLEY, ESQ
et al.:                    Ross Dixon & Bell, LLP
                           550 West B Street, Suite 400
                           San Diego, CA 92101

                           PAUL K. SONG, ESQ
                           Ross Dixon & Bell, LLP
                           5 Park Plaza, Suite 1200
                           Irvine, CA 92614

Laura Albee:               BLAKE M. HARPER, ESQ
                           Hulett Harper Steward
                           550 West C Street, Suite 1600
                           San Diego, CA 92101

Phillip Reineck:           DAVID M. ARBOGAST, ESQ
                           Spiro Moss Barness, LLP
                           11377 W. Olympic Blvd., Fifth Floor
                           Los Angeles, CA 90064

Cynthia Yoo:               STEVEN G. SKLAVER, ESQ
                           Susman Godfrey, LLP
                           1901 Avenue of the Stars
                           Los Angeles, CA 90067

Sun Im Choi:               SHAUN SETAREH, ESQ
                           1055 Wilshire Blvd., Suite 1940
                           Los Angeles, CA 90017

Soon Ja Chun, et al.:      GREGORY S. WESTON, ESQ
                           Coughlin Stoia Geller, et al.
                           655 West Broadway, Suite 1900
                           San Diego, CA 92101

5

<u>APPEARANCES FOR</u>: (Cont'd)


Jason Lee, et al.:              JEFF S. WESTERMAN, ESQ
                               Milberg Weiss
                               One California Plaza
                               300 S. Grand Avenue, Suite 3900
                               Los Angeles, CA 90071

David Wortman:                 RICHARD P. KINNAN, ESQ
                               Engstrom Lipscomb & Lack
                               10100 Santa Monica Blvd., 16th Floor
                               Los Angeles, CA 90067

Defendants:                    RICHARD H. LEE, ESQ
                               Morgan Lewis & Bockius, LLP
                               300 S. Grand Avenue, Suite 2200
                               Los Angeles, CA 90071

                               PETER E. HALLE, ESQ
                               Morgan Lewis & Bockius, LLP
                               1111 Pennsylvania Avenue, NW
                               Washington, DC 20004

                               JON L. REWINSKI, ESQ
                               Heller Ehrman

6

1       **Los Angeles, CA; Tuesday, November 13, 2007; 9:01 a.m.**

2                          **(Call to Order)**

3           THE CLERK:  Item Number five, Case Number

4   CV-07-5107/SJO; *Hyun Park, et al. versus Korean Air Lines,*

5   *Limited.*

6           Counsel, would you please state your appearances?

7           MS. KUPFER:  Good morning, your Honor.  Susan Kupfer,

8   Glancy, Binkow & Goldberg, for the plaintiffs.

9           THE COURT:  Which plaintiff?

10          MS. KUPFER:  For both plaintiff Park and plaintiff

11  Lee.

12          THE CLERK:  I only called one case.

13          MS. KUPFER:  He called only the first case.

14          THE COURT:  Park and which?

15          MS. KUPFER:  Lee, Lee.

16          THE COURT:  One second.  I have two Parks.  Which

17  Park?

18          THE CLERK:  Hyun Park, your Honor.

19          MS. KUPFER:  Hyun Park.

20          THE COURT:  And, one moment.

21      (Pause)

22          THE COURT:  And Soon Lee?

23          MS. KUPFER:  And Soon Lee; and also Helen Chong.

24          THE COURT:  Okay.  Thank you.

25          MR. LEE:  Good morning, your Honor.  Richard Lee on

7

1    behalf of the defendant Korean Air Lines.

2              **THE COURT:**  Okay.

3              **MR. HALLE:**  Good morning, your Honor.  Peter Halle on

4    behalf of the defendant Korean Air Lines.

5         **(The Court confers with the Clerk)**

6              **UNIDENTIFIED MALE SPEAKER:**  Would you like

7    appearances in all the cases, your Honor?

8              **THE CLERK:**  Let me call each case.

9              **THE COURT:**  The Clerk will call the cases.

10             **THE CLERK:**  Item Number six, Case Number 07-5453 SJO;

11   *Desa Philadelphia on behalf of herself and all others similarly*

12   *situated versus Korean Air Lines.*

13             Counsel, please state your appearances.

14             **MR. HARTLEY:**  Good morning, your Honor.  Jason

15   Hartley from Ross, Dixon & Bell, on behalf of plaintiff, Desa

16   Philadelphia.  I'm here with Paul Song, also from my office.

17             Your Honor, I represent six other plaintiffs in these

18   matters.

19             **THE COURT:**  Yeah.  Why don't you --

20             **MR. HARTLEY:**  Do you want them now?

21             **THE COURT:**  Yes, please.

22             **MR. HARTLEY:**  We also represent Ms. Youn.

23             **THE COURT:**  Y-o-u-n?

24             **MR. HARTLEY:**  Yes, your Honor.

25             **THE COURT:**  Thank you.

1          MR. HARTLEY:  Ms. Park, Christina Park.

2          THE COURT:  Thank you.

3          MR. HARTLEY:  Mr. Chau, Jimmy Chau.

4          THE COURT:  Thank you.

5          MR. HARTLEY:  Mr. Lee.

6          THE COURT:  Which Lee?

7          MR. HARTLEY:  Dea Hyung Lee.

8          THE COURT:  Dea Hyung Lee.  Thank you.

9          MR. HARTLEY:  Mr. Murphy.

10          THE COURT:  Thank you.

11          MR. HARTLEY:  And Mr. Song.

12          THE COURT:  One moment.

13      **(The Court confers with the Clerk)**

14          THE CLERK:  Item Number seven, Case Number

15  CV-07-5561 SJO; *Cliff Park versus Korean Air Lines*.

16          Your Honor, plaintiff's counsel did not make an

17  appearance this morning in this matter.

18          MR. REWINSKI:  Good morning, your Honor.  Jon

19  Rewinski of Heller Ehrman on behalf of defendant Asiana

20  Airlines, Inc.

21          THE COURT:  Is there a phone call from counsel for --

22          THE CLERK:  I haven't checked.  I'll check that right

23  now, your Honor.

24          I'll call the next matter.

25          THE COURT:  Does anyone -- Has anyone been in contact

EXCEPTIONAL REPORTING SERVICES, INC

1    with the law offices of Brian Barry on the plaintiff Cliff

2    Park?

3            **MS. KUPFER:**  I have been in contact with him.  This

4    is Susan Kupfer speaking.

5            Mr. Barry is out of the country.

6            **THE COURT:**  Are you prepared to stand in for him

7    today?

8            **MS. KUPFER:**  I am.

9            **THE COURT:**  Okay.  Thank you.

10           All right, go ahead.

11           **THE CLERK:**  Item Number eight, CV-07-5583 SJO; *Heung-*

12   *Ki Youn versus Korean Air Lines*.

13           Your Honor, the parties have already made an

14   appearance on this matter.

15           **THE COURT:**  Yes.

16           **THE CLERK:**  Item Number nine, Case Number

17   CV-07-5593 SJO; *Laura Albee versus Korean Air Lines*.

18           Counsel, please state your appearances.

19           **MR. HARPER:**  Good morning, your Honor.  Blake Harper,

20   Hulett, Harper, Steward, on behalf of plaintiff Laura Albee.

21           **THE COURT:**  All right.

22           **THE CLERK:**  Item Number 10, Case Number

23   CV-07-5734 SJO; *Christina Park versus Korean Air Lines*.

24           Your Honor, the parties have made their appearance.

25           Item Number 11, Case Number CV-07-5735 SJO; *Jimmy*

10

1    *Chau versus Korean Air Lines.*

2        Your Honor, the parties have made their appearances

3    in this matter.

4        Item Number 12, Case Number CV-07-5853 SJO; *Soon Lee*

5    *versus Korean Air Lines.*

6        And your Honor, the parties have made their

7    appearance in this matter.

8        Item Number 13, Case Number CV-07-5854 SJO; *Helen*

9    *Chong versus Korean Air Lines.*

10        Your Honor, the parties have made their appearance in

11    this matter.

12        Item Number 14, Case Number CV-07-5865 SJO; *Phillip*

13    *Reineck versus Korean Air Lines.*

14        Counsel, please make your appearances.

15        **MR. ARBOGAST:**  David Arbogast on behalf of Phillip

16    Reineck.

17        **THE COURT:**  Okay.  Thank you.

18        **THE CLERK:**  Item Number 14 -- Excuse me.  Item Number

19    15, Case Number CV-07-6203 SJO; *Dea Hyung Lee versus Korean Air*

20    *Lines.*

21        Your Honor, the parties have made their appearance in

22    this matter.

23        Item Number 16, Case Number CV-07-6340 SJO; *Timothy*

24    *S. Murphy versus Korean Air Lines.*

25        Your Honor, the parties have made their appearance in

11

1   this matter.

2           Item Number 17, Case Number CV-07-6386 SJO; *Cynthia*

3   *Yoo versus Korean Air Lines*.

4           Counsel, I'm not sure if you've made your appearance

5   yet.

6           **MR. SKLAVER:**  I have not.

7           Good morning, your Honor.  Steven Sklaver of Susman

8   Godfrey, on behalf of plaintiff Cynthia Yoo.

9           And my colleague, Mark Seltzer, is not here today.

10  He had a demur in state court, but he is also on the pleadings

11  in this matter as well.  Thank you.

12          **THE COURT:**  Okay.  Thank you.

13          **THE CLERK:**  Item Number 18, Case Number

14  CV-07-6509 SJO; *Sun Im Choi versus Korean Air Lines*.

15          Counsel, would you please state your appearances?

16          **MR. SETAREH:**  Good morning, your Honor.  Shaun

17  Setareh on behalf of the plaintiff Sun Im Choi.

18          **THE CLERK:**  Item Number 19, Case Number

19  CV-07-6542 SJO; *Soon Ja Chun and Bernard Jung Kim versus Korean*

20  *Air Lines*.

21          Counsel, would you please make your appearance?

22          **MR. WESTON:**  Gregory Weston of Coughlin Stoia, for

23  the plaintiffs.

24          **THE COURT:**  Thank you.

25          **THE CLERK:**  Item Number 20, Case Number

1    CV-07-6715 SJO; *Leon Song versus Korean Air Lines and Asiana*

2    *Airlines.*

3            Your Honor, counsel have made their appearance in

4    this matter.

5            Item Number 21, Case Number CV-07-6894 SJO; *James Lee*

6    *and Jason Lee versus Korean Air Lines.*

7            Counsel, would you please make your appearance?

8            **MR. WESTERMAN:**  Good morning, your Honor.  Jeff

9    Westerman on behalf of both plaintiffs.

10           **THE COURT:**  Good morning.

11           **THE CLERK:**  And the last one, your Honor, is Item

12   Number 22, Case Number CV-07-7047 SJO; *David Wortman versus*

13   *Korean Air Lines.*

14           Counsel, would you please make your appearance?

15           **MR. KINNAN:**  Good morning, your Honor.  Richard

16   Kinnan for plaintiff Donald (sic) Wortman.

17           **THE CLERK:**  Thank you.

18           **THE COURT:**  Good morning.

19           Okay, it looks like everybody has placed their

20   appearance on the record.

21           The matter is here for a status conference.  The

22   various complaints, as I understand them, are cross actions

23   brought by plaintiffs on behalf of the particular plaintiff and

24   on all other persons residing in the United States who

25   purchased airline transportation tickets from Korean Air Lines

13

1   between January 1st, 2000, and July 16th, 2006.  Most of the

2   claims are brought pursuant to the Sherman -- I should say all

3   of the claims, I believe, are brought pursuant to the Sherman

4   Anti-Trust Act, Title 15, United States Code, Section 1.

5           Several of the complaints also plead the state

6   equivalent statute, or seemingly equivalent.

7           There are at least 18 matters that have been filed.

8   This Court had the lowest case number, which is the 05107, *Hyun*

9   *Park* matter, and because I received a low case number, I

10  received all other related litigations.

11          The Court is aware that the matters or several of the

12  matters are before the judicial panel on multi-district

13  litigation and that there is a hearing, as I understand it, set

14  to be heard on November 29th, 2007.  And I understand that

15  apart from the litigation filed in the Central District, there

16  is litigation pending in the Northern District of California,

17  the District of Massachusetts, the District of Nevada, the

18  Eastern District of New York, and the Western District of

19  Washington.

20          The Court intends to discuss with counsel today

21  consolidating all matters pending in this district, pursuant to

22  Federal Rule of Civil Procedure 42(a).  Also imposing a date by

23  which the complaint or complaints should be responded to.  The

24  idea is to have one response to all of the complaints.

25          I assume that the initial response will be a motion

EXCEPTIONAL REPORTING SERVICES, INC

14

1    to dismiss.  If I'm wrong, then please correct me.

2            And to proceed with the litigation, even though the

3    matter pens before the multi-district panel, because it may be

4    that all the cases will be assigned to the Central District in

5    light of the numerous matters already here, and in light of Los

6    Angeles Airport being the gateway to the Asian Pacific Rim and

7    Korea.

8            And if for any reason they are not assigned to this

9    district, then the matters can proceed in another district.

10           Before I get to that, this matter was set for October

11   29th, 2007, and we set it on a Monday.  There was a death in my

12   family, and we had to reschedule it.  I hope that all counsel

13   were notified Sunday.  We tried to reach all counsel on Sunday

14   to avoid having you come to court on Monday, but it was an

15   unfortunate situation that simply could not be avoided.  So, I

16   apologize for the inconvenience.

17           And in reference to the opposition to a motion to

18   dismiss, should a motion to dismiss be filed, the Court would

19   consider appointing a lead counsel for plaintiffs, an interim

20   lead counsel for the purpose only of filing an opposition to a

21   motion to dismiss.

22           So, let me turn it over to counsel as to how you

23   would like to proceed.  I'm not sure if the way you would like

24   to proceed would be consistent with how the Court would like to

25   manage the case, but let me hear from -- Is there -- Have you

1  met and conferred before to come up with kind of a game plan?

2      **MS. KUPFER:**  Some of us have met and conferred.  We

3  haven't conferred with all the counsel, but --

4      **THE COURT:**  May I have your appearance, please?

5      **MS. KUPFER:**  I'm sorry.  Susan Kupfer, Glancy,

6  Binkow, and Goldberg.

7      **THE COURT:**  Thank you.

8      **MS. KUPFER:**  And we're the lowest numbered case that

9  was filed in this Court.

10     Your Honor, I'm fine with your proposal, but I

11 believe, first, that we do need to have a consolidated amended

12 complaint filed so that we can take the allegations from all of

13 the different complaints that were filed and put them together

14 before a response is due.

15     **THE COURT:**  All the complaints, let me see, the

16 complaints are almost mirror images of each other --

17     **MS. KUPFER:**  Actually, they --

18     **THE COURT:**  -- with the exception of certain of the

19 complaints that plead the -- Well, maybe not.  Certain of the

20 complaints plead the state claims, and then certain of the

21 complaints also plead matters against Asiana Airlines, and most

22 of the matters do not name Asiana Airlines as a defendant.  But

23 it seems those may be -- Well, your suggestion is to what?

24     **MS. KUPFER:**  I'm suggesting that we start with a

25 consolidated amended complaint.

1          **THE COURT:**  Okay.

2          **MS. KUPFER:**  That would be filed relatively quickly.

3     If the defendants are going to respond, and obviously they

4     should speak, they might want to respond to one pleading.

5          **THE COURT:**  And Mr. Westerman?

6          **MR. WESTERMAN:**  Your Honor, I think you're correct

7     that the complaints are all fairly similar, but, as Ms. Kupfer

8     points out, we do have, or as you point out actually, we do

9     have a slight difference in the difference in defendants and

10    the difference in some of the state court claims.  And so I

11    think it would be useful for the plaintiffs to get on the same

12    page with a consolidated complaint.

13         **THE COURT:**  So, your suggestion is for the Court to

14    order an amended consolidated complaint.  The Court would

15    intend to consolidate all matters into the -- The lead case

16    number would be the 05107 case number.  The plaintiff would be

17    ordered to file an amended consolidated complaint, and then we

18    can have a date thereafter where the defendants -- The

19    plaintiffs would be ordered to do that and then a date

20    thereafter for the defendants to respond.

21         Does that work?

22         **MR. WESTERMAN:**  Exactly.  Yes.

23         **THE COURT:**  Do any of the defendants wish to be heard

24    on this?

25         **MR. HALLE:**  Your Honor, Peter Halle for Korean Air

1    Lines.

2         We have no objection to consolidation of the cases

3    that have been filed in this district and this court.

4         **THE COURT:**  Yes.

5         **MR. HALLE:**  That makes obvious sense.

6         The logic of what plaintiffs' counsel have suggested,

7    and that is the consolidated amended complaint, is what usually

8    happens in these cases; but here, the logic extends not only to

9    the 18 cases filed here, it extends -- I think we have either

10   68 or 69 cases as of today that have been filed across the

11   United States.

12        In addition to the 18 cases filed in the Central

13   District, your Honor, there are 22 cases as of the 8th of

14   November filed in the Northern District of California; 22 cases

15   filed in the Western District of Washington; one case in the

16   District of Massachusetts; one in Nevada; one in Minnesota; one

17   in Illinois; one in the Eastern District of New York; and one

18   in the Northern District of Georgia.

19        The very same logic applies, and that is why I would

20   encourage your Honor to revisit the path that it appears that

21   you would like to take, which is to get things started here

22   with a consolidated amended complaint and an answer.

23        The multi-district panel will meet on the 29th.

24   Usually within weeks or a month or so, they make a decision,

25   and if everybody's put to the work of amending, consolidating,

1   answering, or moving to dismiss in this district, nothing has

2   happened in the other districts.  And indeed, the Western

3   District of Washington, faced with a similar circumstance that

4   you're faced with today, just entered an order about 10 days

5   ago staying the cases, finding that, at least in that District

6   Judge's opinion, it would be better to have an entire

7   consolidation because there is nobody who is contesting

8   consolidation before the multi-district panel.  The only issue

9   is where should the cases be consolidated.

10          And so --

11          **THE COURT:**  Where should the cases be consolidated?

12          **MR. HALLE:**  My client has made no response to that.

13   We believe they should be consolidated.  The panel, in its

14   wisdom, will figure out where it believes that they are best

15   consolidated, and then we will proceed with your Honor or with

16   whatever court the panel tells us to proceed with.

17          But, what we don't want to do is have the expense and

18   the lack of efficiency, and I know the District Court Judge in

19   Washington, and I'd be happy to hand up a copy of his opinion,

20   or his order, which contains reasoning.

21          The District Court Judge in Washington was concerned

22   with the efficiency of having what are currently, I guess,

23   eight or so different proceedings going on various tracks when,

24   at some point, the center of gravity will be obvious because

25   the JP -- the panel will tell us where the cases are going, and

1   then all of the lawyers, not just those in this courtroom, but

2   the lawyers for the many, many other -- indeed, the majority of

3   the plaintiffs -- will get together, a lead counsel or lead

4   counsels will be selected by the Court that is selected to

5   handle these things.  There will be an amended complaint, and

6   then things will proceed.

7          The Department of Justice investigation that preceded

8   this matter is ongoing.  It has not come to an end yet, and so

9   I know there will be issues with the Department of Justice, as

10  I heard in an earlier case today and how things should proceed.

11  And they will bring that to your Honor; not me.

12          But, I think that from an efficiency basis that this

13  Court is best served and the litigants are best served by

14  having the JPML decide where these are going, and then --

15          THE COURT:  What position have you taken before that

16  panel in terms of where they --

17          MR. HALLE:  My client has not taken a position.  We

18  are neutral.  We believe that it should be consolidated, and

19  nobody argues otherwise, and therefore -- I've been involved in

20  a lot of these things.  The panel will make a decision.  I've

21  never seen a decision the panel has made that I've disagreed

22  with.  And we will be happy if we're in your courtroom or if

23  we're in Judge Brier's courtroom or in the courtroom in the

24  Western District of Washington.  We know that justice prevails

25  in all of these courthouses throughout this land.

1     Thank you, your Honor.

2     **MR. REWINSKI:**  Good morning, your Honor.  Jon

3 Rewinski of Heller Ehrman on behalf of Asiana Airlines.

4     Our request, your Honor, because the JPML is set to

5 hear the consolidation issue just two weeks away, that this

6 conference be continued for about a month or for about 30 days

7 so we can have a decision from the JPML.  It seems to me that's

8 the only way to efficiently handle all these actions, because

9 if the Court enters orders now, and, if the cases are sent --

10 all the cases are sent here to the Central District, it seems

11 to me those orders will have to be revisited in any event

12 because there will be issues with respect to lead counsel and

13 so forth.

14     So, our request, your Honor, would be that this

15 matter be continued for about 30 days.

16     **THE COURT:**  Okay.  And I suspected that certain of

17 the counsel would be moving or requesting that the matter be

18 put over before I set the matter on today's calendar.

19     The Court intends to manage the case.  And I

20 understand one of the risks in terms of the path I'm taking is

21 that it may be that the panel will conclude that since this

22 District Court has gone forward that the matters should be

23 brought here.

24     I don't see any down side to proceeding, at least

25 minimally, the way we've discussed on the record today; that a

1  consolidated complaint would be filed, that the defendants

2  would have an opportunity to file their motions.

3          If we get all the other cases, then all those other

4  matters could be consolidated with the cases currently in this

5  district, and I think that the complaints, the allegations are

6  significantly similar, that there would not be any inefficiency

7  if we proceed this way.  I just don't see a down side, other

8  than I may end up with all the cases.

9          **MR. HALLE:**  May I speak, your Honor?

10         **(No audible response)**

11         **MR. HALLE:**  Peter Halle.  May I make a suggestion?

12  Understanding where you are aiming, that if your Honor is going

13  to order a consolidated amended complaint be filed, that the

14  response to that amended complaint not be required to be filed

15  until after the panel has indicated where the cases are going,

16  so that the defendants don't have to basically go through what

17  will be -- Writing an amended complaint is not all that

18  difficult; writing the motion to dismiss is a significant

19  amount of work.

20         And so, I would suggest that you can basically

21  fulfill what you want to do by getting things started but not

22  requiring the things that would impact all of the other

23  districts as we move along.

24         **THE COURT:**  Anyone else wish to address the Court and

25  require I make an order?

1          **MR. WESTERMAN:**  I think, your Honor -- Jeff Westerman

2    for plaintiffs.  I think that regardless of where the case ends

3    up that there's an organizational benefit to getting a

4    plaintiffs' consolidated amended complaint on file, which I

5    assume would be roughly within a week or so of the MDL hearing,

6    and then that still leaves some time after the ruling to have a

7    further status conference in any event.

8          **THE COURT:**  Okay.  The Court is going to order all of

9    the matters consolidated, pursuant to Federal Rule of Civil

10   Procedure 42(a).

11         The lead case is the low case number, and that is the

12   07-05107 matter.

13         The plaintiffs would be ordered to file an amended

14   consolidated complaint.

15         How much time would you like?

16         **MR. HARTLEY:**  Two weeks is fine, your Honor.

17         **MS. KUPFER:**  Two weeks.

18         **MR. HARTLEY:**  This is Jason Hartley on behalf of

19   seven of the plaintiffs.

20         **THE COURT:**  Let me get a two-week date from the

21   Clerk.

22         **THE CLERK:**  Monday, November the 26th, your Honor,

23   2007.

24         **THE COURT:**  Have all plaintiffs served the

25   defendants?

23

1      **MR. HARTLEY:**  Well, we have stipulations that were

2  presented to the Court, your Honor -- again, this is Jason

3  Hartley -- which were denied by the Court, but in those

4  stipulations, defendants agreed to accept service.

5      **THE COURT:**  Okay.  The amended complaint is to be

6  filed on or before November 26th, 2007.

7      Answer or response will be due, let me see.  Let's

8  get an answer or response 45 days from November 29th.  What

9  would that be?

10      **THE CLERK:**  Your Honor, give me one second.  From

11  November 27th, you mean?

12      **THE COURT:**  No, November 29th is the date of hearing

13  before the multi-district panel.

14      **THE CLERK:**  Okay.

15      **THE COURT:**  So, 45 days from that date.

16      **THE CLERK:**  That's Tuesday, January the 15th.

17      **MR. REWINSKI:**  Your Honor, in view of all the

18  circumstances, including the holidays that are going to fall in

19  between, could we ask that the date be 60 days after the

20  amended complaint is filed?

21      And Jon Rewinski on behalf of Asiana Airlines.

22      **THE COURT:**  Okay.  We'll make it 60 days.

23      **THE CLERK:**  That's Tuesday, January the 29th, 2008.

24      **MR. REWINSKI:**  Thank you, your Honor.

25      **MR. HARTLEY:**  Your Honor, there's one other issue

1    that's sort of the 900-pound elephant or gorilla in the room

2    that we're not really addressing right now.

3              This is Jason Hartley again for seven of the

4    plaintiffs.

5              In the event there's a motion to dismiss filed, and

6    you said you'd like a lead counsel appointed to oppose that on

7    behalf of plaintiffs; in the possible event that all of the

8    plaintiffs file who have filed here are not able to come to an

9    agreement as to a single representative counsel, how would you

10   like to handle that situation?

11             **THE COURT:** Well, that's a significant issue, and

12   what I can do is, I think we need to address that issue today.

13   The Court would be prepared to appoint lead counsel for the

14   purpose of filing an opposition to a motion to dismiss.  I'm

15   assuming a motion to dismiss would be filed on behalf of Korean

16   and on behalf of Asiana Airlines, and the Court would appoint

17   lead counsel, under Federal Rule of Civil Procedure

18   23(g)(2)(A), to file opposition.

19             But, before I do that, let me just have counsel meet

20   and confer in the corridor and see if you can come up with a

21   suggestion as to who that counsel should be, or, group of

22   counsels.

23             I'm only concerned in making sure that the page

24   limitation is consistent with the page limitation imposed by

25   the Court's standing order.  We can expand it a little bit

1  because of the nature of the case.

2          **UNIDENTIFIED MALE SPEAKER:**  And, your Honor, I'll

3  just note that -- He jumped in before we finished the briefing

4  schedule, but I guess after you appoint lead, we can come back

5  and talk about the remainder of the briefing schedule.

6          **THE COURT:**  Yes.  So why don't you -- We'll pass the

7  case, and see if you can resolve that issue in the hallway.

8          Yes, sir?

9          **MR. HARPER:**  Your Honor, Blake Harper on behalf of

10  plaintiff Albee.

11          Could I suggest that we have perhaps a week to confer

12  among ourselves about who the lead counsel should be, and see

13  if we can reach agreement?

14          **THE COURT:**  You've had plenty of time before you

15  arrived today.  I mean, these issues were -- As counsel

16  suggested, it's a 600-pound elephant in the room, and you've

17  had plenty of time to think about it.

18          Go ahead.

19          **THE CLERK:**  The Court will be in recess.

20      **(Recess from 9:32 a.m. to 10:07 a.m.)**

21          **THE COURT:**  Let's go back to the *Korean Air Lines*.

22  Let's see if we can get counsel on *Korean Air Lines*.

23          Everybody can just stay at table.

24          Would you call *Korean Air Lines* again, Victor?

25          **THE CLERK:**  Yes, your Honor.

1          This is Item Number five again; Case Number

2   CV-07-5107 SJO; *Hyun Park, et al. versus Korean Air Lines.*

3          Counsel, please state your appearances.

4          Do you need them to state their appearances again,

5   your Honor?

6          **THE COURT:**  No.  The record will reflect that all

7   counsel are again present.  If that's not the case, if there's

8   counsel that knows that another counsel is not here, please

9   bring it to my attention.  I'm going to assume all counsel are

10  present.

11          Have you worked out an agreement as to how you would

12  like to proceed in terms of designating lead counsel to file

13  opposition?

14          **MR. HARTLEY:**  Your Honor, Jason Hartley from Ross,

15  Dixon & Bell.

16          I give the group a 'B' on the task presented.

17          Thirteen of the plaintiffs wanted to come up with an

18  objective standard for a single lead counsel that you can

19  appoint just for the purposes of opposing a motion to dismiss.

20          There are several counsel here who are very

21  interested in an interim lead counsel for the rest of the case,

22  but we wanted to find an objective standard, and 13 of the

23  plaintiffs suggest that the Court just go with the first filed

24  case in this district and appoint that counsel, who is Susan

25  Kupfer, as the interim lead counsel, just for the motion to

1    dismiss.

2         There are three plaintiffs who have proposed Mark

3    Seltzer from the Susman Godfrey firm to be that counsel, and

4    two firms abstained, as I understand it.

5         But, your Honor, whatever decision the Court makes,

6    we wanted the Court to understand that several plaintiffs here

7    are looking to be appointed lead counsel, and we would hope

8    that whatever decision is made, that this issue can still be

9    revisited at the appropriate time after the MDL panel rules.

10        **THE COURT:** Let me make that clear.  What we're

11   discussing here today is simply the appointment of lead counsel

12   for the purposes of filing an opposition.  And the fact that a

13   person would be designated lead counsel today will not have any

14   impact on who ultimately would be designated lead counsel on

15   the class claims.

16        Let me also bring to counsel's attention our Local

17   Rule that may not apply in other districts, which is another

18   elephant in the room, and that is the 90-day requirement.  The

19   Local Rule requires that a motion for certification be brought

20   within 90 days.  And we're going to have to discuss that at

21   that time.  We'll address that at a more appropriate date in a

22   scheduling conference or a management conference hearing.

23        So the request is to have the Glancy, Binkow,

24   Goldberg firm appointed lead counsel for purposes of filing an

25   opposition?

1          MR. HARTLEY:  That's the request from 13 of the

2    plaintiffs, your Honor.  As I said, there are three plaintiffs

3    who suggest that another counsel should be that individual.

4          THE COURT:  Yes?

5          MR. WESTERMAN:  I'm being blocked out here.

6          THE COURT:  Yes.

7          MR. WESTERMAN:  I think intentionally.

8      (Laughter)

9          MR. WESTERMAN:  Yeah.  Your Honor, we met out in the

10   hall, and I think that the group, there's a consensus that

11   whoever is picked will share work and seek consensus on an

12   amended complaint and on the briefing to the extent that that

13   becomes an issue.

14          I think the so-called objective standard is one that

15   promotes what they're saying is 13 plaintiffs, or whatever

16   their number is, is they're saying that 'we filed the most

17   cases with the most plaintiffs', and I don't think that you

18   want that objective standard if the case ends up here because

19   then all the people in the other districts will see that and

20   start filing as many cases as possible to try to create their

21   own objective standard for appointment of lead down the road.

22          All I'm suggesting is, I would personally be happy to

23   be appointed interim, but I feel that Mark Seltzer is actually

24   the right person in this group.  He has the stature in the

25   district; he has the office in the district; he has experience

EXCEPTIONAL REPORTING SERVICES, INC

1   with these cases; and I don't think anybody has anything bad to

2   say about him.   And I think that he'll -- He's known to be

3   fair; he's known to be a good lawyer, and I think he'd be the

4   right choice.

5           THE COURT:   Where is the main office for Glancy,

6   Binkow & Goldberg?

7           MS. KUPFER:   Your Honor, is it here in Los Angeles,

8   at Century City.

9           MR. HARTLEY:   And, your Honor, the 13 plaintiffs are

10  represented by nine different firms, so there are nine

11  different counsel who are supporting that objective standard.

12  It's not just 13 plaintiffs.

13          THE COURT:   Well, I'm not sure that's -- I think the

14  point raised by Mr. Westerman is a good point.

15          MS. KUPFER:   Your Honor, if I might respond?   There

16  are other objective standards that we all would like to use if

17  we were submitting lead counsel papers before you; but I will

18  tell you that one of the things that my firm has been doing,

19  along with the other counsel that we've been working with, we

20  have been investigating this case; we've been doing all of the

21  briefing and pleading in the MDL to get the case to come here.

22  And we have engaged an economic expert.   We've been working on

23  all aspects of this case, and we are, I submit, the most able

24  to present an amended complaint within a very short period of

25  time.

1          MR. HARPER:  Your Honor, Blake Harper, Hulett,

2     Harper, Steward.  If I could just add as well that Ms. Kupfer

3     has pretty much been spearheading this case up to this point.

4     She's very well qualified as a lawyer.  I apologize for my

5     voice.  But, she has done most of the work with respect to the

6     MDL proceeding, and I understand Mr. Seltzer has not even

7     entered an appearance to speak at the MDL proceeding.  So, I

8     think it's appropriate that Ms. Kupfer --

9          THE COURT:  Is Mr. Seltzer here today?

10         UNIDENTIFIED MALE SPEAKER:  Your Honor, Mr. Seltzer

11    is at a demur, a dispositive case demur in state court and

12    couldn't make it.  He could have made the original status

13    conference, but this deadline couldn't get moved.

14         THE COURT:  Well, one suggestion is for the Court to

15    appoint co-lead counsel to coordinate and prepare and agree on

16    an opposition.  Would that work?

17         UNIDENTIFIED MALE SPEAKER:  Yes, your Honor, it

18    would.

19         MR. ARBOGAST:  Your Honor, my --

20         THE COURT:  Go ahead.

21         MR. ARBOGAST:  My name is David Arbogast on behalf of

22    plaintiff Phillip Reineck.

23         My suggestion for the lead position would be Jeff

24    Westerman.  However, he hasn't sought to take that, and

25    therefore I would go with his recommendation.

1        **THE COURT:**  The Court is going to designate both Mr.

2    Westerman and the Glancy, Binkow, Goldberg firm as co-lead

3    counsel in the case for purposes only of preparing and filing

4    an opposition to the motion to dismiss that would be

5    anticipated.

6        Now, the Court has -- Mr. Westerman?

7        **MR. WESTERMAN:**  Yeah, just to clarify, your Honor,

8    because I know you came into the hearing this morning with the

9    motion to dismiss in mind, but we have since added the amended

10   complaint, and I think that the lead counsel should be for

11   coordinating the amended complaint, consolidated complaint, as

12   well.

13       **THE COURT:**  For both the consolidated and amended

14   complaint, and then after that is done, preparing the

15   opposition to the motion to dismiss.  I'm assuming a motion to

16   dismiss.  Correct me if I'm wrong.  We don't need a motion to

17   dismiss, but I assume one will be filed.

18       So, we have that taken care of.

19       There are page limitations that apply in the standing

20   order: a 20-page motion to dismiss; a 20-page opposition.  So,

21   let me hear from counsel in terms of the page limitations.

22       Does that work?

23    **(Laughter)**

24       **MR. REWINSKI:**  Your Honor, Jon Rewinski, Heller

25   Ehrman, on behalf of Asiana Airlines.

1         We need to take a look at the amended complaint.

2         THE COURT:  Pardon me?

3         MR. REWINSKI:  We'll need to look at the amended

4    consolidated complaint before we can make any determination as

5    to the scope of a motion to dismiss.  We do anticipate,

6    however, if the amended complaint is going to look like any of

7    the current complaints, that there will be a motion to dismiss

8    filed on behalf of Asiana Airlines.

9         So, your Honor, we would ask that the Court defer for

10   the moment the issues to the page limitation.  That is, if

11   there is an issue, perhaps we could bring that to the Court --

12        THE COURT:  Let me just -- Your choices are 20 pages,

13   or, if I expand it, to 25 pages.  Let's do it now.  You can

14   have 25 pages.  If you can't cover it all in 25 pages, then

15   there's probably a problem.

16        (Laughter)

17        THE COURT:  Twenty-five pages, each side.

18        MR. REWINSKI:  Given that choice, your Honor, we will

19   take the 25.

20        THE COURT:  Anything further?

21        (No audible response)

22        THE COURT:  We have dates.  I think we have appointed

23   interim lead counsel for purposes of filing an amended

24   consolidated complaint and also opposing the motion to dismiss.

25        Anything further?

EXCEPTIONAL REPORTING SERVICES, INC

33

1          MR. WESTERMAN:  Well, defendants had -- To finish the

2    briefing schedule, your Honor, defendants had 60 days for the

3    opposition; I think 45 days is probably fine for -- I mean, I'm

4    sorry, for the motion, 45 days with the pages limits is

5    probably fine for the opposition.  Right?  And then whatever

6    you want to set for reply.

7          THE COURT:  Let's get a -- Do we have, Victor, 60

8    days?  Did we get that date, Victor?

9          THE CLERK:  The only dates I have, your Honor, are

10   the date the amended complaint should be filed by.

11         THE COURT:  Let's make sure we have the dates in the

12   record.

13         The date for filing of the consolidated amended

14   complaint; what date do you have?

15         THE CLERK:  Date to file the amended complaint is

16   Monday, November the 26th.

17         The response to that will be due Tuesday, January the

18   29th.

19         THE COURT:  And then we need an opposition to be

20   filed thereafter.

21         MR. HARTLEY:  We had the motion to dismiss, your

22   Honor, due by January 29th, if there was going to be one filed.

23         UNIDENTIFIED MALE SPEAKER:  Time out.

24         THE COURT:  Wait, wait; let me check with the Clerk.

25         THE CLERK:  Yeah, the response or answer, so there's

34

1    one.

2             THE COURT:  What date?

3             THE CLERK:  Tuesday, January the 29th.

4             THE COURT:  Yes?

5             MR. WESTERMAN:  Okay.  Appreciate -- Sorry, your

6    Honor.  The offer to file the amended complaint, I think we'd

7    like another week.  The offer was made by somebody who is not

8    currently one of the interim co-leads.

9             THE COURT:  Okay.  Probably everybody is in agreement

10   that more time should be allowed.

11            MR. WESTERMAN:  If we could have one more week on the

12   amended.

13            THE COURT:  Let's start again.

14            THE CLERK:  Okay.

15            THE COURT:  The amended complaint must be filed and

16   served by?

17            THE CLERK:  By Tuesday -- Excuse me, Monday, December

18   the 3rd.

19            THE COURT:  Does that work?

20            MR. WESTERMAN:  That's fine.  Thank you, your Honor.

21            THE COURT:  Okay.  And then opposition?

22            THE CLERK:  The opposition; I'll extend that one more

23   week too, your Honor?

24            THE COURT:  Yes.

25            THE CLERK:  Okay.  That will be due by --

1          THE COURT:  I'm sorry, the motion to dismiss would be

2   next, or response.

3          THE CLERK:  The response to the amended complaint

4   will be filed by Monday, February the 4th.

5          THE COURT:  Does that work?

6          UNIDENTIFIED MALE SPEAKER:  Yes.

7          THE COURT:  Okay.  And then we need the opposition

8   due date.

9          THE CLERK:  Probably going to set a hearing date for

10  this motion, too?

11      **(The Court confers with the Clerk)**

12          MR. WESTERMAN:  Forty-five days.  Forty-five days for

13  the opposition.

14          THE COURT:  We need an opposition due date.

15          THE CLERK:  Okay.  The opposition will be due Monday,

16  February the 11th.

17          MR. WESTERMAN:  No, no, 45 days.  It would be March

18  15th, 20th; somewhere in there probably.

19          THE COURT:  Okay.  Let's get a date.

20          THE CLERK:  Okay.  Opposition will be due Monday,

21  March the 17th, 2008.

22          THE COURT:  Okay.  And then let's put a reply in

23  there.

24          MR. REWINSKI:  Thirty days please, your Honor.

25          THE COURT:  No, no; we're not going to have a 30-day

36

1    reply.  We'll have a five-day reply thereafter.

2              THE CLERK:  That will be --

3              MR. REWINSKI:  Your Honor, five days?

4              UNIDENTIFIED MALE SPEAKER:  No, that can't --

5              THE COURT:  Five days to reply, yes.

6              THE CLERK:  All right.  Then that would be -- Your

7    Honor, that would be Friday, March the 21st.

8              THE COURT:  And then let's -- We can set a hearing

9    date.  Let me just -- We can set that in April.  March?  April?

10   Are we up to April now?

11             THE CLERK:  We could do the first Monday in April.

12   That would be April 7th, your Honor.

13             THE COURT:  Okay.  Does April 7th work?

14             UNIDENTIFIED MALE SPEAKER:  I need a minute.

15             THE COURT:  No, let's extend it another week, I

16   guess.

17             THE CLERK:  Okay.  That would be Monday, April the

18   14th at 10:00 a.m.

19             MS. KUPFER:  I'm sorry, I have a hearing in New York

20   on the 14th of April.  Can we just do a day or two later?

21             THE COURT:  Yes.  We'll have to go to the following

22   week because we hold hearings on Monday.

23             THE CLERK:  Okay.  The hearing will be Monday, April

24   the 21st, 2008, at 10:00 a.m.

25             THE COURT:  Okay.  Thank you.

1          MR. HALLE:  Your Honor?

2          THE COURT:  Yes.

3          MR. HALLE:  On our five-day reply, I think we've

4    actually gotten four days, so if we could put it over to the

5    following Monday, that would be wonderful.

6          THE COURT:  That would be --

7          MR. HALLE:  That would be, instead of the --

8          THE COURT:  The reply date is going to stand.  That's

9    plenty of time for all the parties to address all of the issues

10   that are presented.

11         Anything further?

12         MR. WESTERMAN:  And then, just to be clear, the class

13   certification deadline will be addressed in the future?

14         THE COURT:  Later on.  Yes, later on.

15         MR. WESTERMAN:  Okay.  Thank you, your Honor.

16         THE COURT:  Sure.

17     **(This proceeding was adjourned at 10:22 a.m.)**

18

19

20

21

22

23

24

25

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    November 15, 2007
            Signed                                        Dated


*TONI HUDSON, TRANSCRIBER*